UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN MADDOX EL,

    Petitioner,

v.

                                          Case No. 22-cv-12810
                                          Hon. Matthew F. Leitman

ANTHONY WICKERSHAM,

    Respondent.

_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Kevin Maddox El is a pre-trial detainee who is currently being held in the Macomb County Jail in Lennox Township, Michigan. He has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] challenging his pending state criminal proceedings. Maddox El is charged with four felony drug charges in the 38th District Court in Eastpointe, Michigan. *See* Register of Actions, 38th District Court, No. 2022-22-6632-FY (online docket accessed Nov. 22, 2022). In

---

[1] The statute applicable to a pretrial detainee who seeks federal habeas relief is 28 U.S.C. § 2241. *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) (citing *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019)). Accordingly, the Court shall construe the petition as one brought under that provision. The Court notes, however, that the Rules Governing Section 2254 Cases, including the screening requirement of Rule 4, apply to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

his petition, which contains few facts and is difficult to follow, Maddox El appears to assert that he is being held in custody (bond set) without a warrant, indictment, or arraignment, that his representative was forced to leave the courtroom, that the state court lacks jurisdiction and/or the prosecution is violating certain laws, and that the state is improperly keeping his father's bond money. (*See* ECF No. 1, PageID.3-9.) For the reasons explained below, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**, **DENIES** a certificate of appealability, and **DENIES** leave to proceed in forma pauperis on appeal.

I

Under Rule 4 of the Rules Governing § 2254 Cases, the Court must conduct a preliminary review of Maddox El's petition and determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *See* Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are incredible or obviously false.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

"In rare instances, a pretrial detainee may petition for habeas relief, but such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). As the Sixth Circuit has explained:

> A body of case law has developed holding that although [28 U.S.C.] 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. See, e.g., *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Fay v. Noia*, 372 U.S. 391, 417-20, 83 S.Ct. 822, 837-838, 9 L.Ed.2d 837 (1963); *Braden*, supra; *Moore v. DeYoung*, supra; *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976); *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir. 1976). Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).

Maddox-El's difficult-to-follow petition does not show or explain how his claims are "extraordinary" ones that justify the "rare" grant of federal habeas relief prior to a state-court trial. *Christian,* 739 F.3d at 297. Moreover, Maddox-El has failed to show that he lacks an effective remedy for his claims in the state courts. For these reasons, Maddox-El is not entitled to habeas relief at this time.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

## II

Before Maddox El may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909. 911-912 (6th Cir. 2020) (state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 habeas petition).  A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Maddox-El makes no such showing.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** Maddox-El leave to proceed in forma pauperis on appeal.  This case is closed.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2022

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126